BUTLER, APPELLEE, *v.* ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLANTS.

(No. 7412—Decided March 3, 1964.)

*Mr. Chester T. Freeman,* for appellee.

*Mr. William B. Saxbe,* attorney general, *Mr. Robert M. Duncan* and *Mr. Jerry L. Riseling,* for appellants Administrator of Bureau of Workmen's Compensation and Industrial Commission of Ohio.

*Messrs. George, Greek, King & McMahon* and *Mr. Kiehner Johnson,* for appellant Jaeger Machine Company.

DUFFY, P. J. The plaintiff, appellee herein, received an injury while bowling with a team in the Jaeger Machine League. He filed a claim for compensation which was disallowed by the Administrator of the Bureau of Workmen's Compensation and the Columbus Regional Board of Review. His appeal from the disallowance order was refused by the Industrial Commission, and, on appeal to the Common Pleas Court, the trial judge allowed the claim and entered judgment for the plaintiff. From that judgment the defendants, appellants herein, have appealed.

The transcript of testimony in the case indicates that on March 24, 1961, the plaintiff was bowling, and, as he was making his slide for delivery, his foot stuck and threw him into a twist. As he released the ball, he got a sharp pain through his shoulder causing numbness to his thumb. He was unable to pick up the ball for his next turn to bowl. On that date he was bowling at the Rainbow Lanes in an eight-team league called the Jaeger Machine League. His team wore shirts with the words "Jaeger Building Mixers" on them. These shirts were bought by the company, and a team entry fee was also paid by the company from a fund referred to as the Lunsford-Wolfe fund, which was used to handle the cost of flowers in case of funerals and the cost of recreational activities engaged in by the employees. The fund came from the vending machines in the plant and was disbursed by the personnel department. The league rules permitted "any employee that was laid off or retired" to bowl. Each member of the team would pay the bowling secretary $2.50 a week which would cover the cost of his bowling and prize money.

The plaintiff was originally hired by the Jaeger Machine Company on January 24, 1955. His last working day with the Jaeger Machine Company was April 4, 1960, at which time he was laid off because of lack of work. He had bowled with the "Jaeger Building Mixers" for approximately three years. He was considered a regular member of the "Jaeger Building Mixers" team. He did not work for the Jaeger Machine Company between the dates of April 4, 1960, and March 24, 1961, but had layoff status under the contract with the union which would have entitled him, because of his seniority, to be recalled from layoff at any time during a period of about four years from April 4, 1960. During the 1960-61 bowling season, he bowled with the team as a regular bowler by reason of his layoff status. The transcript of testimony indicates that since April 4, 1960, the plaintiff has worked for four different companies other than the Jaeger Machine Company, but that on March 24, 1961, he was not "regularly working for anyone."

The defendants have assigned the following as errors of the trial court:

1. The Court of Common Pleas erred in finding that the plaintiff who had been laid off by the defendant company, and

during said layoff performed no services for said company nor received any compensation from the company, was an employee within the purview of Section 4123.01 of the Revised Code.

2. The Court of Common Pleas erred in finding that the alleged injury the plaintiff received while bowling was an injury received in the course of and arising out of employment within the comprehension of the Ohio Workmen's Compensation Act.

3. The judgment of the Court of Common Pleas is against the manifest weight of the evidence.

The plaintiff relies on the case of *Ott* v. *Industrial Commission*, 83 Ohio App., 13, to support his contention that one who is injured while engaged in a company-sponsored recreational program is entitled to workmen's compensation benefits. The defendants would distinguish the instant case from the *Ott case* by reason of the fact that Ott was an employee and the company provided supervision of the recreational programs. It is their contention that the plaintiff, while on layoff status working for other employers, was not an employee of the Jaeger Machine Company on March 24, 1961.

We think it is clear from the evidence that the plaintiff was not in the employment of the Jaeger Machine Company on March 24, 1961. He was eligible to bowl in the Jaeger Machine League by reason of his status of a "laid-off employee," but this alone did not re-establish an employment status and is insufficient to bring him within the definition of "employee" as found in Section 4123.01 of the Revised Code. He was not in the service of the Jaeger Machine Company under a contract of hire, nor would the company be required to pay into the State Insurance Fund premiums because of the laid-off or retired employees who were permitted to bowl. The union contract did not give employment status nor was it such a contract as would require payment of premiums into the State Insurance Fund.

The judgment of the trial court must be reversed and judgment entered for the defendants.

*Judgment reversed.*

DUFFEY and TROOP, JJ., concur.